Allan S. Brilliant (AB 8455)
Craig P. Druehl (CPD 2657)
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

James M. Lewis (VSR #14118)
HOLLAND & KNIGHT LLP
1600 Tysons Boulevard
Suite 700
McLean, Virginia 22102-4867
(703) 720-8600

Proposed Co-Counsel for the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re | Chapter 11 Cases |
| MOTIENT CORPORATION, et al., | Case Nos. 02-80125 through 02-80126 and 02-80128 through 02-80129-RGM |
| Debtors | Jointly Administered |

**APPLICATION FOR ORDER, UNDER 11 U.S.C. §§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014 AND 5002, AUTHORIZING EMPLOYMENT AND RETENTION <u>NUNC PRO TUNC</u> OF EVERCORE PARTNERS L.P. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO THE HONORABLE ROBERT G. MAYER,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Motient Corporation, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, "Motient" or the "Debtors"), hereby moves this Court for an order, substantially in the form attached hereto,

authorizing the Committee to retain and employ Evercore Partners L.P. ("Evercore"), nunc pro tunc from January 22, 2002, as financial advisor to the Committee, pursuant to (i) sections 328(a) and 1103 of title 11 of the United States Code 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), (ii) rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) the terms of the letter agreement between Evercore and the *Ad Hoc* Committee of certain holders of 12-1/4% Senior Notes due 2008 (the "Notes") issued by Motient Holdings Inc., f/k/a AMSC Acquisition Company, Inc. (the "*Ad Hoc* Committee"), dated as of December 6, 2001 (the "Engagement Letter"), a copy of which is attached as Exhibit A hereto, and (iv) the terms of the letter agreement between Evercore and the Committee dated as of March 25, 2002 (the "Valuation Agreement", and collectively with the Engagement Letter, the "Evercore Agreements")[1], a copy of which is attached hereto as Exhibit B. In support of this Application, the Committee relies on the affidavit of John P. Fitzsimons, Managing Director of Evercore, sworn to March 15, 2002 (the "Fitzsimons Affidavit"), a copy of which is attached hereto as Exhibit C. In further support of this Application, the Committee respectfully represents as follows:

---

[1] Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Evercore Agreements.

## I. BACKGROUND

1. On January 10, 2002, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed to date in any of these cases.

2. On January 22, 2002, the United States Trustee appointed the Committee. The Committee is comprised of the following three members: (1) Morgan Stanley Investment Management ("Morgan Stanley"), the Chair of the Committee; (2) Romulus Holdings, Inc. and Affiliates; and (3) State Street Bank and Trust Company, as indenture trustee of the 12-1/4% Senior Notes due 2008.

3. At a meeting on January 23, 2002, the Committee duly selected Milbank, Tweed, Hadley & M$^{\underline{c}}$Cloy LLP ("Milbank") and Holland & Knight, L.L.P. ("Holland & Knight") as its co-counsel to represent the Committee in all matters during the pendency of Motient's chapter 11 cases. At such meeting, the Committee also selected Evercore Partners as its financial advisor and Communication Technology Advisors LLC as its spectrum and technology advisor.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002.

## II. RETENTION OF EVERCORE

### Services to be Provided by Evercore

5. Pursuant to the Engagement Letter, Evercore has agreed to provide such financial advisory services as Evercore and the Committee shall deem appropriate and feasible, including the following, on the terms set forth in the Engagement Letter[2]:

   (a) to the extent Evercore deems appropriate in consultation with the Committee, becoming familiar with and analyzing the businesses, operations, properties, financial condition and prospects of the Debtors;

   (b) assisting and advising the Committee in developing a general strategy for accomplishing any Restructuring;

   (c) assisting and advising the Committee in evaluating and analyzing a Restructuring including the value of the securities, if any, that may be issued under any Restructuring plan;

   (d) developing long term financial projections of the Debtors' businesses and analyzing the Debtors' long-term business plan for the benefit of the Committee;

---

[2] The financial advisory and valuation services that Evercore is expected to render to the Committee are described in greater detail in the Evercore Agreements. All references to or summaries of the Evercore Agreements herein are qualified by the express terms of the Evercore Agreements, which shall govern if there is any conflict.

(e) assisting in the development of financial data and presentations to the Committee;

(f) analyzing the Debtors' financial liquidity and evaluating alternatives to improve such liquidity;

(g) providing strategic advice with regard to restructuring or refinancing obligations;

(h) evaluating the Debtors' debt capacity and alternative capital structures;

(i) participating in negotiations among the Committee, the Debtors, and their counsel, financial advisors, creditors, suppliers, lessors and other interested parties;

(j) advising the Committee and negotiating with the Debtors and their lenders with respect to potential waivers or amendments of various credit facilities; and

(k) providing such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring, as requested and mutually agreed upon by the Committee and Evercore.

6. Pursuant to the Valuation Agreement, Evercore has agreed to provide the Committee with a valuation of the Debtors for use in connection with discussions with the Debtors and to render testimony concerning such valuation in the chapter 11 cases.

7. The Committee chose Evercore because of, among other reasons, its experience in advising debtors, creditors and other constituents in large chapter 11 cases and other debt-restructuring scenarios. The Committee understands, based solely on the Fitzsimons Affidavit, that Evercore or its professionals

have provided advisory services in the following chapter 11 cases: In re Lodgian, Inc., In re Geneva Steel LLC, In re Aladdin Gaming Holdings LLC, In re Envirodyne, Inc., and In re Kendall Corp., among others.

8. The financial advisory services that Evercore will provide to the Committee are necessary to enable the Committee to perform its statutory duties as set forth in section 1103 of the Bankruptcy Code. The Committee believes that these services will not be duplicative of the services that, subject to this Court entering or having entered appropriate orders, other financial advisors, if any, would provide to the Committee in these cases. Evercore will carry out unique functions and will use reasonable efforts to coordinate with the Committee's other retained professionals to avoid the unnecessary duplication of services.

### Disclosure Concerning Conflicts of Interest

9. To the best of the Committee's knowledge, information, and belief, based solely on and other than as set forth in the Fitzsimons Affidavit, and in connection with these cases, Evercore does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Evercore is to be engaged. The Fitzsimons Affidavit also sets forth, pursuant to Bankruptcy

Rule 2014(a), Evercore's connections with the Debtors, their creditors, and other known parties-in-interest.

10. Prior to the Petition Date, Evercore performed certain professional services for the *Ad Hoc* Committee in connection with the Debtors' restructuring and in contemplation of the commencement of the chapter 11 cases. Evercore will not provide professional services to the *Ad Hoc* Committee in the Debtors' chapter 11 cases. The Committee understands, based solely on the Fitzsimons Affidavit, that (i) beginning October 22, 2001, in connection with its performance of services to the *Ad Hoc* Committee, Evercore invoiced $300,000 in fees and $10,964.41 in expenses, incurred and processed through the period ending January 21, 2002, (ii) prior to the Petition Date, Evercore received $300,000 for fees invoiced and a $10,000 expense advance to be first applied against pre-petition expenses (both incurred and processed expenses and incurred but not yet processed expenses), and (iii) Evercore will credit the unused expense advance against post-petition expenses incurred thereafter.

11. Evercore has indicated its willingness to act on behalf of the Committee. The Committee submits that Evercore is qualified to represent it in these cases in a cost-effective and efficient manner, and that Evercore's retention is in the best

interests of the Committee, the Debtors, their creditors and estates.

12. The Committee requests that Evercore's retention be approved <u>nunc pro tunc</u> from January 22, 2002, the date Evercore commenced performing services on behalf of the Committee (the "<u>Effective Date</u>").

## Compensation of Evercore

13. The Committee understands, based upon the Engagement Letter, that Evercore intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee and the local rules and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases; <u>provided</u>, <u>however</u>, that, if the Court permits, Evercore will maintain detailed time records in half-hour increments; and <u>provided further</u>, that the approval of Evercore's fees and expenses in these cases will be subject to the standards contained in section 328(a) of the Bankruptcy Code.

14. As set forth in greater specificity in the Engagement Letter, Evercore will be compensated for its financial advisory services as follows[3]:

    (a)    the Debtors shall pay Evercore a monthly advisory fee (the "Monthly Fee") of $100,000 in cash for each month or any part thereof, with each installment of such Monthly Fee payable in advance on each monthly anniversary of the Effective Date;

    (b)    upon Completion of a Restructuring, the Debtors shall pay Evercore in cash an additional fee (the "Completion Fee") equal to $500,000. If a Restructuring is completed through a pre-arranged/pre-packaged chapter 11 filing, the Completion Fee shall be due and payable when the Debtors have received duly executed and delivered ballots from creditors in each class of impaired claims holding not less than two thirds in dollar amount and constituting one half in number of the creditors in each class that has submitted ballots by the voting deadline;

    (c)    upon Completion of a Restructuring, the Debtors agree to grant Evercore an option (subject to customary terms and conditions reasonably acceptable to the parties)(the "Option") to purchase 1.35% in number of any securities, whether debt or equity, received by the holders of the Notes pursuant to a Restructuring (the "Restructured Securities"). The Option shall have a term of five years. The exercise price for the aggregate of all securities to be purchased pursuant to the Option shall be equal to $1,356,750 (the "Exercise Price"). The Exercise Price shall be reduced by 1.35% of the aggregate of all cash received by holders of the Notes and any proceeds received from any

---

[3] The compensation of Evercore in connection with its provision of financial advisory and valuation services to the Committee is described in greater detail in the Evercore Agreements. All references to or summaries of the Evercore Agreements herein are qualified by the express terms of the Evercore Agreements, which shall govern if there is any conflict.

Restructured Securities (including interest and dividends) received by the holders of the Notes pursuant to the Restructuring. In the event that the aggregate value of the Restructured Securities exceeds $500,000,000 for a thirty day period, the Debtors may at their option require Evercore to exercise the Option, provided that the securities to be purchased pursuant to the Option are freely tradable in an established public market; and

(d) in addition to the Monthly Fee and the contingent additional compensation, the Debtors shall reimburse Evercore for all necessary, reasonable and documented out-of-pocket expenses incurred during this engagement, including but not limited to, travel and lodging, direct identifiable data processing and communication charges, courier services, working meals, reasonable fees and expenses of Evercore's counsel in connection with this engagement and other necessary expenditures, payable upon rendition of invoices setting forth in reasonable detail the nature and amount of such expenses. Notwithstanding the foregoing such out-of-pocket expenses shall not exceed $25,000 without the prior written approval of the Debtors. In connection therewith, the Debtors shall pay Evercore on the Effective Date and maintain thereafter a $10,000 expense advance for which Evercore shall account for such amounts upon termination of this Agreement.

15. In addition to the fees set forth in the preceding paragraph, the Debtors shall pay to Evercore a fee of $250,000 in connection with Evercore's provision of valuation services pursuant to the Valuation Agreement, payable upon execution of the Valuation Agreement by each party.

### Procedure

16. No trustee or examiner has been sought or appointed in these cases. Pursuant to the Administrative Order

Limiting Notice to Certain Parties in Interest dated as of January 11, 2002, notice of this Application has been given to (a) counsel to Motient, (b) the United States Trustee for the Eastern District of Virginia, (c) counsel to Rare Medium Group, Inc., (d) counsel to the Indenture Trustee for the Debtors' Notes, (e) counsel to the Internal Revenue Service, (f) counsel to the Securities and Exchange Commission, and (g) all other parties in interest that have requested receipt of notices in these cases. In light of the nature of the relief requested herein, the Committee requests that such notice be deemed adequate and sufficient.

17. Pursuant to LBR 9013-1(G), because there are no novel issues of law presented in this Application and given the administrative nature of the relief requested herein, the Committee requests that the requirement that all applications be accompanied by a written memorandum of law be waived. However, the Committee reserves the right to file a brief in reply to any objection to the relief sought herein.

## No Prior Request

18. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) authorizing the Committee to retain Evercore, _nunc pro tunc_ from January 22, 2002, and (b) granting such further relief as is just.

Dated: April 5, 2002

        HOLLAND & KNIGHT LLP

        By: /s/ James M. Lewis
        James M. Lewis (VSR #14118)
        1600 Tysons Boulevard, Suite 700
        McLean, VA 22102-4867
        (703) 720-8600

        - and -

        MILBANK, TWEED, HADLEY & McCLOY LLP
        Allan S. Brilliant (AB 8455)
        Craig P. Druehl (CPD 2657)
        1 Chase Manhattan Plaza
        New York, New York 10005-1413
        (212) 530-5000

        Proposed Co-Counsel for the Official
        Committee of Unsecured Creditors